UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VIRGINIA CHAVARRIA,**

Plaintiff,

v. **No. 4:25-cv-00550-P**

**SAM'S REAL ESTATE BUSINESS TRUST, ET AL.,**

Defendants.

## OPINION & ORDER

The above-captioned action is before the Court on remand from the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit vacated this Court's order accepting the United States Magistrate Judge's Findings, Conclusion, and Recommendation, and granting summary judgment in favor of Defendants. Specifically, the Fifth Circuit directed this Court to consider whether to accept Plaintiff's "untimely evidence" under the balancing test established in *Freeman v. County of Bexar*. The Court now does so.

## BACKGROUND

Represented by counsel, Plaintiff filed a complaint in state court against Sam's Real Estate Business Trust and Sam's East, Inc. on April 21, 2025, alleging she slipped and fell on an unknown substance at Sam's Club. Defendants removed the action to federal court on May 23, 2025. ECF No. 1. On July 9, 2025, the Court entered a scheduling order

setting a discovery deadline of December 12, 2025, with dispositive motions due by January 9, 2026. ECF No. 9. On or around November 7, 2025, following mediation, Plaintiff fired her counsel and chose to proceed pro se. ECF Nos. 12, 15.

Plaintiff then proceeded to file a series of five motions to extend the discovery deadline. The Court granted Plaintiff's first request, extending the close of discovery to January 26, 2026. ECF No. 17. On that new deadline, however, Plaintiff filed a *second* motion for an extension, claiming that she was waiting for footage of her slip and fall from Defendants. ECF No. 19. After considering the Parties' arguments, including Defendants' position that it already produced all responsive video footage and photographs and it had no additional footage responsive to Plaintiff's requests, the Court denied Plaintiff's motion for an extension. ECF No. 23.

On February 4, 2026, Plaintiff made a *third* request to extend the discovery deadline (ECF No. 24), which the Court denied because Plaintiff failed to identify any remaining discovery that she had not been able to obtain. ECF No. 25. Nevertheless, Plaintiff filed a *fourth* request to extend the discovery deadline on February 23. ECF No. 26. The Court, again, denied the request. ECF No. 27 ("The Court has denied Plaintiff's request multiple times and does so again here as Plaintiff has already been given several extensions."). Two days later, Plaintiff filed her *fifth* request to extend the discovery deadline. ECF No. 28. The Court denied this last request, too, warning Plaintiff to stop filing repetitive motions. ECF No. 29.

During Plaintiff's frenzy of motions seeking a discovery extension, Defendants filed a motion for summary judgment ("Motion") on January 9, 2026, the dispositive motion deadline. ECF No. 18. Plaintiff's response to the Motion was initially due on January 30. N.D. TEX. L.R. 7.1(e). The Court warned Plaintiff on several occasions that Defendant's Motion was pending, and even *sua sponte* gave her an extension to respond by February 20, given her indications that she was suffering from migraine headaches and undergoing medical treatments. *See* ECF Nos. 25, 29. Despite the Court's multiple reminders and extension of response time,

Plaintiff did not file a response to Defendants' motion for summary judgment.

On March 4, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR"). ECF No. 30. The Magistrate Judge recommended granting Defendants' motion for summary judgment because there was no evidence that Defendants knew or should have known about the allegedly dangerous condition of the floor that Plaintiff slipped on. ECF No. 30 at 2. On March 9, 2026, Plaintiff filed "objections" to the FCR. ECF No. 31. The "objections" consisted of chaotic paragraphs purportedly responding to Defendants' motion for summary judgment, nearly 80 pages of unauthenticated attachments, and two hours of unauthenticated video footage.[1] ECF Nos. 31–32. The Court conducted a *de novo* review of the FCR, Plaintiff's objections, the record, and applicable law, and determined that Defendants' motion for summary judgment should be granted.

The Fifth Circuit remanded this Court's decision and directed it to consider the *Freeman* factors to determine whether to accept Plaintiff's "untimely evidence."[2] In order to assist its analysis, the Court invited the Parties to file briefs addressing the *Freeman* factors. Plaintiff and Defendants have filed briefs, and the Court has considered their arguments.[3]

## ANALYSIS

At the Fifth Circuit's direction, this Court now puts in writing its analysis of whether to accept Plaintiff's late-submitted "evidence" under the *Freeman* factors. "[T]he district court has discretion to determine

---

[1]Perhaps the Fifth Circuit has a keener eye, but this Court maintains that Plaintiff's objections were unintelligible. The Court is not required to "guess or develop arguments on the [litigant's] behalf." *Betancurt v. United States*, No. 2:23-CR-59-Z-BR-1, 2026 WL 292086, at *3 (N.D. Tex. Feb. 4, 2026) (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)).

[2]Apparently, the Court was supposed to assume that Plaintiff had submitted probative evidence.

[3]Plaintiff's brief is styled as a "Motion to Accept Untimely Evidence Under the Freeman Balancing Test." ECF No. 46. Plaintiff also filed two additional documents that were not authorized by the Court and do not appear to be pertinent to the matter at hand. *See* ECF Nos. 47–48.

whether, in light of all pertinent circumstances, the new evidence should be accepted." *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). District judges consider several factors when determining whether to accept untimely evidence: (1) the [objecting] party's reason for not originally submitting the evidence; (2) the importance of the omitted evidence to the [objecting] party's case; (3) whether the evidence was previously available to the [objecting] party before she responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the [opposing] party if the evidence is accepted. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citing *Freeman v. County of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998)).

1. <u>Plaintiff had no reason for not originally submitting the "evidence."</u>

A review of the record reveals that Plaintiff's alleged reasons for not originally submitting the "evidence" are illegitimate. Only now, after the Fifth Circuit remanded the case, does Plaintiff attempt to excuse her conduct. Plaintiff offers a handful of reasons why she could not submit the evidence sooner, including: she suffers from migraines and other chronic medical conditions; she was hospitalized on January 27, 2026; she had difficulty using the electronic filing system; and she was not served Defendants' Motion.

Plaintiff's excuses are not borne out in the record. Defendants filed their motion for summary judgment on January 9, 2026. *See* ECF No. 18. Plaintiff's response was originally due January 30, 2026, but the Court extended Plaintiff's response deadline to February 20, 2026. *See* ECF No. 25. Between January 9 and February 20, Plaintiff filed two motions to extend the discovery deadline. *See* ECF Nos. 19 (filed Jan. 26), 24 (filed Feb. 4). After the February 20 deadline passed, but before the Magistrate Judge issued the FCR, Plaintiff filed two additional motions to re-open discovery. *See* ECF Nos. 26 (filed Feb. 23), 28 (filed Feb. 25). Plaintiff filed these motions seeking additional discovery even though Defendants had already produced all footage and photographs in their possession. *See* ECF No. 23.

Given Plaintiff's frequent use of the filing system during the timeframe she alleges she suffered a serious medical event and other chronic illnesses, her arguments for not originally submitting the evidence in response to Defendants' Motion are unavailing. Plaintiff's contention that she had difficulty using PACER is also contradicted by the record, which shows she was receiving electronic filings and fervently filing materials during that time frame, including using the Court's emergency filing system. Similarly, Plaintiff's argument that she was not served Defendants' Motion is inaccurate. Plaintiff was electronically served Defendants' Motion on January 9, 2026. ECF No. 18. Plaintiff admitted that she received and read Defendants' Motion via email on that date. ECF No. 34 at 1. She did not contact the clerk's office or take any other action to obtain another copy of the Motion, notwithstanding that she clearly had access to the docket.

As explained in more detail below, Plaintiff had the late-submitted materials before both the February 20 deadline to respond to Defendants' Motion and before the Magistrate Judge issued the FCR on March 4. Plaintiff's excuses for not submitting the "evidence" earlier do not pass muster. Accordingly, this factor weighs against allowing consideration of Plaintiff's late-submitted "evidence."

2. The late-submitted "evidence" carries nominal importance to Plaintiff's case.

Plaintiff's untimely "evidence" would not change the outcome. The Magistrate Judge recommended granting Defendants' Motion because there was no evidence that Defendants knew or should have known about the allegedly dangerous condition. ECF No. 30. Plaintiff's late-submitted materials do not affect this analysis.

Under a generous view,[4] Plaintiff most notably submitted photographs and video footage of Sam's Club, presumably from around

[4]Most of the "evidence" Plaintiff relies upon consists of unauthenticated medical records, bills, photographs, and letters. Even though courts have a "traditional disposition of leniency towards pro se litigants," pro se plaintiffs are still required to "submit competent evidence to avoid summary judgment[.]" *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (explaining

the time of the incident. One photograph depicts a substance smeared on the floor with no date or time stamps. ECF No. 31-1 at 1. Plaintiff's video footage and screenshots of the video footage do not show any obvious substance on the floor where Plaintiff fell, but show the room was well-lit with nothing obstructing Plaintiff's view of the floor. ECF No. 31-1 at 8–20; ECF No. 31-2 at 1–24; ECF No. 31-3 at 1–7; ECF No. 32. The materials show several people walking past the area where Plaintiff fell before her fall. *Id.* While the footage depicts a small dark mark on the floor, it also shows Plaintiff walking to the side of this mark and slipping several feet past it. *See* ECF No. 32 at 1:03:22. This evidence shows that whatever substance caused Plaintiff's fall was discreet and went unnoticed by any Sam's Club employee, negating Plaintiff's argument that Defendants had knowledge of the allegedly dangerous condition.[5]

Though Plaintiff's newly submitted "evidence" may carry nominal value to her position in that it contains a close-up photograph presumably depicting a substance on the floor of Sam's Club that might pose a risk of harm, it is insufficient to raise a genuine issue of material fact as to whether Defendants had notice of the condition at issue. The Court has no duty to sift through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Therefore, Plaintiff's late-submitted

---

pro se plaintiffs may not avoid summary judgment with unsworn materials) (citations omitted).

[5]Plaintiff misinterprets Defendants' legal argument by stating that Defendants' asserting the condition was "open and notorious" contradicts their position that they had no notice of the condition. To the contrary, even if Defendants knew of a dangerous condition on their premises, they could avoid liability if that condition was open and obvious to Plaintiff. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (explaining a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee). Nonetheless, because there is no genuine dispute that Defendants did not have notice of the condition, summary judgment is appropriate regardless of whether the condition was open and obvious to Plaintiff. *See Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-CV-1187-K, 2018 WL 4772408, at *4 (N.D. Tex. Oct. 3, 2018) ("Even if the condition was not open and obvious and known to Plaintiff, her premises liability claim would still fail because she did not create a genuine issue of material fact as to the required notice element.").

materials carry little weight, and this factor weighs against consideration.

3. The "evidence" was available to Plaintiff well before she submitted it.

The "evidence" Plaintiff wishes to admit was available to her for months before she filed it. Defendants produced all reports, statements, photographs, and video footage of the incident on July 11, 2025. ECF No. 45, App'x at 4–5. Defendants produced its policies and procedures to Plaintiff on September 26, 2025. *Id.* Plaintiff states that she received two separate video files containing surveillance footage on December 12, 2025. ECF No. 46 at 16–17. After having already produced these materials, Defendants provided duplicate copies of the materials to Plaintiff on January 13, 2026, and January 26, 2026. ECF No. 22, App'x at 3–4, 7–8. The remaining exhibits in Plaintiff's "objections" appear to be medical documentation from 2024, 2025, and January 2026 or self-created documents that are wholly unauthenticated. ECF No. 31-1 at 2–7, ECF No. 31-4 at 1–24. Despite Plaintiff's repetitive motions to re-open discovery, Defendants produced the materials Plaintiff demanded well before Plaintiff submitted the "evidence" late. *See* ECF No. 23.

Plaintiff does not dispute that the "evidence" was previously available to her, only that she wanted it in a different format. ECF No. 46 at 16–19. Plaintiff had all of the materials when her response to Defendants' motion for summary judgment was due initially on January 30, and certainly by the February 20 extension. Accordingly, this factor weighs heavily against this Court's consideration of Plaintiff's "untimely evidence."

4. Defendants would suffer prejudice is this Court accepted Plaintiff's late-submitted materials.

Defendants would suffer prejudice if this Court accepted Plaintiff's untimely "evidence." While Defendants graciously decline to argue that they would be caused any harm if the Court considered the late materials, they have already borne the cost of having to manage ever-shifting deadlines as result of Plaintiff's late filings and constant requests for extensions, monitor the case as it drags on in the absence of

any genuine issue of material fact, and produce the same materials several times over. Defendants have been and continue to be burdened by Plaintiff's litigation conduct. *See Boland v. Costco Wholesale Corp.*, No. 3:20-CV-01567-E, 2021 WL 4622540, at *2 (N.D. Tex. Oct. 6, 2021) ("Plaintiff's habit of missing deadlines creates chaos in the Court's schedule and prejudices Defendant."); *Stewart v. Gruber*, No. 23-30129, 2023 WL 8643633, at *5 (5th Cir. Dec. 14, 2023) (finding no abuse of discretion where district court concluded that "disregard for discovery deadlines 'disrupts the court's docket and opponent's preparation, and is thus, prejudicial.'").

Not only would Defendants be prejudiced, but this Court would be severely burdened if it were required to forgo its scheduling orders, accept late filings, and allow a party to run amok in the court system.[6] Plaintiff fired her attorneys and chose to proceed pro se despite having serious medical issues. Pro se plaintiffs are not given leave to ignore reasonable court rules and procedures. *See United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986); *Elmore v. McCammon*, 640 F. Supp. 905, 910 (S.D. Tex. 1986) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.") (quotation omitted). Plaintiff herself acknowledges this, relying on authority holding, "[o]ne who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . unless a liberal construction of properly filed pleadings be considered an enhanced right . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *See* ECF No. 46 at 20.

Importantly, "[d]istrict courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019). Demanding the Court set

[6]The Court issued several orders warning Plaintiff to comply with the Federal Rules of Civil Procedure and Local Rules for the Northern District of Texas (ECF No. 21), stop using the Emergency Filing Procedures absent a bona fide emergency (ECF No. 21), and stop filing repetitive motions (ECF No. 29).

aside its inherent authority to manage its docket and go out of its way to accommodate a Plaintiff who chose to proceed pro se would be an insult to the interests of justice. This factor weighs against considering Plaintiff's late "evidence."

**CONCLUSION**

For the reasons stated herein, weighing the *Freeman* factors, the Court exercises its discretion to reject Plaintiff's late submitted "evidence."[7] Accordingly, the undersigned District Judge continues to believe that the Findings and Conclusion of the Magistrate Judge are correct. At the very least, there is no evidence that Defendants knew or should have known about the allegedly dangerous condition on its premises, and Plaintiff has failed to establish premises liability.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**; Plaintiff takes nothing on her claims against Defendants; and such claims are **DISMISSED WITH PREJUDICE**. Defendants shall recover their costs of court from Plaintiff.

**SO ORDERED** on this **18th day of September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[7] Plaintiff's Motion to Accept Untimely Evidence (ECF No. 46) is therefore **DENIED.**